UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

RAMON PERAZA,
and other similarly-situated individuals,

    Plaintiff,

v.

THE BRICKMAN GROUP LTD, LLC.,

    Defendants.
_____/

## **COMPLAINT**

COMES NOW the Plaintiff, RAMON PERAZA, and other similarly-situated individuals, by and through the undersigned counsel, and sues Defendants, The Brickman Group and alleges:

1. This action involves an amount in excess of $15,000.00 exclusive of attorney's fees and costs.

2. This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

3. This Court has supplemental jurisdiction over the state law claims.

4. Plaintiff, Ramon Peraza (hereinafter "PERAZA") is a resident of Dade County, Florida, within the jurisdiction of this Honorable Court.  Plaintiff is a covered employee for purposes of the Act.

5. Defendant, The Brickman Group LTD, LLC.(hereinafter "BRICKMAN"), is a Florida corporation, engaged in business in Miami-Dade County, Florida, where Plaintiff worked

for Defendants, and at all times material hereto was and are engaged in interstate commerce.

## COUNT I:
## WAGE AND HOUR FEDERAL STATUTORY VIOLATION AGAINST BRICKMAN

6. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-36 above as if set out in full herein.

7. This action is brought by Plaintiff and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a work week longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above-specified at a rate not less than one and a half times the regular rate at which he is employed."

8. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).  The Employer is and, at all times pertinent to this Complaint, was engaged in interstate commerce.  At all times pertinent to this Complaint, the Employer/Defendant operates as an organization which sells and/or markets its services and/or goods to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of other states, and the Employer/Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.  Upon information and belief, the

annual gross revenue of the Employer/Defendant was at all times material hereto in excess of $500,000 per annum, and/or Plaintiff and those similarly-situated, by virtue of working in interstate commerce, otherwise satisfy the Act's requirements.

9. By reason of the foregoing, the Employer/Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) and/or Plaintiff and those similarly-situated was and/or is engaged in interstate commerce for Defendant.  Defendant BRICKMAN'S business activities involve those to which the Fair Labor Standards Act applies.  The Defendant is a **landscape company** and, through its business activity, affects interstate commerce.  The Plaintiff's work for the Defendant likewise affects interstate commerce.  Plaintiff was employed by Defendant as a **landscaper** for the Defendant's business.

10. While employed by Defendant, Plaintiff worked an average of **45 (forty-five)** hours per week without being compensated at the rate of not less than one and one half times the regular rate at which she was employed.  Plaintiff was employed as a **landscaper** performing the same or similar duties as that of those other similarly-situated **landscapers** who Plaintiff observed worked in excess of 40 hours per week without overtime compensation.

11. Plaintiff was paid an average of **$16.50** dollars per hour from on or about **December 2007 through January 16, 2009** but has never been compensated for straight or overtime wages for the hours that she worked in excess of 40 hours per week.  Plaintiff seeks to recover for unpaid overtime wages accumulated from the date of hire.

12. Prior to the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, **Plaintiff's good faith estimate of unpaid wages** are as follows:

    a. Total amount of alleged unpaid wages:

    **Two Thousand Seven Hundred Twenty Two Dollars and 50/100 ($2,722.50)**

    b. Calculation of such wages:

    **$24.75** (OT rate per/hour) x **2.5 hours** of overtime per week = **$61.88** per week; **$61.88** (OT owed per week) **x 44 weeks** = **$2,722.50** in unpaid overtime wages.

    c. Nature of wages (e.g. overtime or straight time):

    This amount represents unpaid **overtime** wages.

13. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.  The additional persons who may become Plaintiffs in this action are weekly-paid employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid time and one half of their regular rate of pay for all overtime hours and straight time hours worked in excess of forty.

14. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remains owing Plaintiff and those similarly-situated these overtime wages since the

commencement of Plaintiff's and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages. Defendant never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

15. Defendant BRICKMAN willfully and intentionally refused to pay Plaintiff overtime wages and minimum wages as required by the law of the United States as set forth above and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant as set forth above.

16. Plaintiff has retained the law offices of the undersigned attorney to represent her in this action and is obligated to pay a reasonable attorneys' fee.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RAMON PERAZA and those similarly-situated request that this Honorable Court:

A. Enter judgment for Plaintiff PERAZA and other similarly-situated and against the Defendant BRICKMAN on the basis of Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and other Federal Regulations; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid wages and overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

F. Plaintiff demands a trial by jury.

**COUNT II**
**RETALIATORY DISCHARGE AGAINST BRICKMAN**
**PURSUANT TO F.S. 440.205**

17. At all times relevant, Plaintiff was employed by the Defendant, BRICKMAN as a landscaper.

18. On or about December 10, 2008, the Plaintiff suffered a work-related injury.

19. Plaintiff was driving a "sweeper" vehicle to an on sight gas station.

20. The vehicle that Plaintiff was driving had broken or defective seat shocks.

21. Plaintiff unknowingly drove over a hole in the ground that was covered with water.

22. As a result of the impact, Plaintiff severely injured his back.

23. Plaintiff then attempted to get out of the vehicle however, due to the pain in his back, Plaintiff was unable to stand up and as a result, fell and injured his right hand.

24. Plaintiff immediately reported the accident to Operation Manager, Juan Carlos Quezada, and requested medical treatment at that time.

25. Operations Manager, Juan Carlos Quezada, advised Plaintiff not to report the accident to Branch Manager, Don Simmons.

26. Operations Manager, Juan Carlos Quezada, informed Plaintiff that a co-worker had fallen off a ladder in the previous month and the injury cost the company "a lot" of money.

27. Juan Carlos Quezada warned Plaintiff that if Branch Manager, Don Simmons, were to find out about Plaintiff's accident, he would be written up and/or possibly terminated.

28. The above-alleged injury did require medical treatment however due to Juan Carlos Quezada's threatening warnings, Plaintiff never sought medical attention.

29. After the work-related accident as described above, Plaintiff continued to suffer severe back pain.

30. Defendant, BRICKMAN, willingly refused to provide Plaintiff medical benefits under Workman's Compensation.

31. Plaintiff's request for medical treatment was a contributing factor to Defendant's constructive discharge of Plaintiff.

32. Plaintiff's work prior to his constructive discharge was satisfactory or more than satisfactory and one of the apparent reasons for the constructive discharge of Plaintiff's employment was that Plaintiff sought or attempted to seek compensation under Florida Workers' Compensation Law, as Plaintiff was entitled to do.

33. One of the motivating factors which caused the Plaintiff's discharge as described above was the request and/or attempted request for worker's compensation benefits pursuant to Fla. Stat. §§ 440 et. seq. The Plaintiffs request for worker's compensation benefits as described above contributed to Defendant's decision to constructively discharge Plaintiff.

34. The Defendant's termination of the Plaintiff was in direct violation of Fla. Stat. § 440.205 and, as a direct result, the Plaintiff has been damaged.

35. By reason of Defendant's constructive discharge of Plaintiff, Plaintiff has been damaged in that Plaintiff has suffered lost wages, and has suffered emotional distress.

36. The Defendant's conduct in constructively discharging Plaintiff was willful, wanton, and in reckless disregard of Plaintiff's rights and therefore Plaintiff is entitled to punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff RAMON PERAZA respectfully requests judgment against the Defendant for all back wages from the date of constructive discharge to the present date and an equal amount of back wages as liquidated damages; costs; reinstatement and promotion;

injunctive relief prohibiting the Defendant from wrongfully discharging in the manner described above; front wages; punitive damages; attorney's fees pursuant to Fla. Stat. § 57.105 and for any and all other relief that this Court may deem just and proper.

## COUNT III:
## VIOLATION OF THE FLORIDA PRIVATE SECTOR WHISTLEBLOWER'S ACT, SECTION 448.101

37. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1-23 of this complaint as if set out in full herein.

38. During Plaintiff's employment, Defendant's agent, Don Simmons, demanded that Plaintiff recruit illegal aliens to work under his supervision.

39. Plaintiff constantly refused to follow Defendant's agent, Don Simmons's demands and would not pick up illegal workers.

40. As a result of Plaintiff's refusal to participate in the Defendant's illegal practices of contracting illegal aliens for work, Defendant reduced Plaintiff's wages from $16.50/hr to $8.50/hr.

41. Unwilling to contribute to Defendant's illegal practices, Defendant's agent, Don Simmons, told Plaintiff that his wages were being reduced because Defendant "did not need him as a supervisor" and he was to "take it or leave it".

42. Plaintiff objected to an illegal activity and was constructively discharged as a result.

43. At all times material hereto, the Employer/Defendant failed to comply with Florida's private sector Whistleblower's Act, Florida Statute Section 448.101, which provides, in relevant part: "An employer may not take any retaliatory personnel action against an employee because the employee has: …(3) Objected to, or refused to participate in, any

activity, policy, or practice of the employer which is in violation of a law, rule, or regulation."

44. The constructive discharge of Plaintiff by Defendant was on the basis of Plaintiff complaining and objecting to an illegal activity.

45. At all relevant times aforementioned, including the time of termination of Plaintiff, Defendant, was aware of Plaintiff's rights as an employee.

46. At the time of termination from employment the Plaintiff did perform and excel at the performance of the essential functions of his position.

47. The Plaintiff was qualified for the position.

48. The Defendant's actions were malicious and were recklessly indifferent to the Plaintiff's rights pursuant to Florida' private sector Whistleblower's Act, Florida Statute section 448.101, protecting a person from retaliation for opposing illegal conduct.

49. The aforementioned actions of Defendant were done wantonly, willfully, maliciously and with reckless disregard of the consequences of such actions.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RAMON PERAZA respectfully requests that this court order the following:

    A. Grant a permanent injunction enjoining Defendant BRICKMAN, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which violates the Florida Whistleblower's Act.

    B. Reinstate Plaintiff to the same position he held before the retaliatory personnel action, or to an equivalent position.

    C. Reinstate full fringe benefits and seniority rights to Plaintiff.

    D. Order Defendant to make Plaintiff whole, by compensating Plaintiff for lost wages, benefits, including front pay, back pay with prejudgment interest and other

> remuneration for mental pain, anguish, pain and humiliation from being terminated due to his refusal to participate in illegal actions of Defendant.
>
> E. For a money judgment representing prejudgment interest.
>
> F. Award any other compensation allowed by law including punitive damages, attorney's fees (448.104) and further demands a trial by jury on all issues so triable.

## JURY TRIAL DEMAND

Plaintiff and those similarly-situated demand trial by jury of all issues triable as of right by jury.

Dated:  November 08, 2011

                        Respectfully submitted,

**ZANDRO E. PALMA, P.A.**
*Attorneys for Plaintiff*
3100 S. Dixie Hwy, Suite 202
Miami, FL 33131
Telephone: (305) 446-1500
Facsimile: (305) 446-1502

**By: /s/ Zandro E. Palma**
Zandro E. Palma, Esq.
Florida Bar No.: 0024031

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 08, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

**ZANDRO E. PALMA, P.A.**
**Attorney for Plaintiff**
3100 S. Dixie Hwy, Ste 202
Miami, FL 33133
Telephone:  (305) 446-1500
Facsimile:   (305) 446-1502

zep@thepalmalawgroup.com

BY:  **s/Zandro E. Palma**
Zandro E. Palma Esq.
Florida Bar No.: 0024031